■   LUCILLE HAGHANI, Respondent, v. MOOSA HAGHANI, Appellant.— Judgment of the Supreme Court, New York County, entered April 17, 1972, unanimously modified on the law and the facts and in the exericse of discretion so as to delete therefrom the direction that the defendant be held in contempt of court for failure to pay arrears in the sum of $6,036.50 and to delete the direction that the appellant be held in contempt for his failure to provide psychiatric care for his daughter, Monica, and so as to provide that the counsel fee of $2,500 to be paid by appellant shall include the services of plaintiff's counsel on this appeal, and otherwise affirmed without costs or disbursements. It is conceded that the $6,036.50 has been paid and, therefore, the appeal as to that direction is dismissed as moot. The record does not sustain a finding of contempt for failure to place Monica under psychiatric treatment. We find that the father attempted in good faith to carry out the mandate of the court. The child was placed in the care of psychiatrists. The treatment was discontinued when it was ascertained that she would derive no further benefit therefrom. Under the circumstances, we cannot say that appellant willfully disobeyed the direction of the court. We feel that on this record the award of the $2,500 additional counsel fee was excessive and we therefore direct that it shall include the attorney's services and disbursements rendered to plaintiff on this appeal. We have carefully examined the many other points raised by appellant and find them without merit. Concur — Nunez, J. P., Murphy, Lupiano and Lynch, JJ.; Kupferman, J., concurs in a memorandum, as follows: Inasmuch as we were assured on the oral argument by the attorney for the plaintiff-respondent that the provisions with respect to visitation for the father would be complied with, nothing more need be added on that score. There has been more than enough litigation in this matter (e.g., see *Haghani* v. *Haghani,* 40 A D 2d 825; 31 A D 2d 1009, mot. for lv. to app. den., 25

N Y 2d 776). Inasmuch as the divorce is still pending in the Second Department, it would seem that, in the future, applications with respect to custody and visitation should be made there, and that this case should be consolidated with the one there pending. (*Millard* v. *Millard;* 44 A D 2d 812; *Padilla* v. *Greyhound Lines,* 29 A D 2d 495.)